```
            UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| CLARENCE DAVIS, | : | CIVIL NO. **3:03-CV-0068** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Smyser) |
| C.O. CHESTER D. FILIPIAK, | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

The plaintiff filed a 42 U.S.C. § 1983 civil rights complaint on January 10, 2003. The background of this case and a comprehensive summary of the plaintiff's allegations and claims are set forth in a Report and Recommendation filed on June 10, 2003 (Doc. 26).

The subject matter of this Report and Recommendation is the motion of defendant Chester D. Filipiak, the sole remaining defendant, for summary judgment, filed on June 30, 2005 (Doc. 105). Filipiak is a correctional officer at SCI Dallas. Davis, the plaintiff, was a prisoner there. A brief in support was filed (Doc. 113) and an LR 56.1 statement of facts (Doc. 116). Declarations of Deputy Secretary Vaughn, Captain Peter Cwalina and Robin Lucas were filed, along with the plaintiff's deposition (Docs. 114, 124). A brief in opposition was filed (Doc. 130), with a non-moving party's LR

56.1 statement (Docs. 131, 132).  A reply brief was filed by the defendant (Doc. 136).  The plaintiff filed a summary judgment declaration (Doc. 133).

In the complaint, the cause of action as to defendant Filipiak stated by the plaintiff is that the plaintiff was notified that defendant Filipiak was going to cause the plaintiff to be sent to the restricted housing unit.  The plaintiff then notified the Deputy Superintendent at SCI Dallas of the Filipiak threat.  Filipiak then devised a plan to "cause a conflict of interest with outside issues of children."  In September of 2000, defendant Filipiak, the complaint asserts, exaggerated a "childish dispute" that had occurred at the school attended by Filipiak's and Davis' nine-year old sons to make it "look like a legitimate prison security concern."  The effect of this exaggeration on Filipiak's part was that Davis was transferred to the restricted housing unit on January 30, 2001.  He was placed under punitive confinement conditions.  The plaintiff's claim is that the incident involving the two sons was exaggerated, and that the motivation of defendant Filipiak was to retaliate against the plaintiff for religious and political activity of the plaintiff.

Retaliation for the exercise of First Amendment rights is a constitutional violation. *Mount Healthy City Board of Education v. Doyle*, 429 U.S. 274 (1977); *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990)("Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983.").

"As a threshold matter, a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected." *Rauser v. Horn*, 241 F.3d 330, 333 (3rd Cir. 2001).  Next, a prisoner-plaintiff must show that he suffered some "adverse action" at the hand of prison officials. *Id.*  "[A] prisoner-plaintiff satisfies this requirement by demonstrating that the action 'was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights.'" *Id.* (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)).

"Once these two threshold criteria are met, there remains the question of how a prisoner-plaintiff must go about proving a causal link between the exercise of his

3

constitutional rights and the adverse action taken against him." *Id.* "In a First Amendment retaliation case, the plaintiff has the initial burden of showing that his constitutionally protected conduct was a "substantial" or "motivating factor" in the relevant decision." *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000); *Rauser, supra*, 241 F.3d at 333-34. "Once the plaintiff carries this burden, the burden shifts to the defendant to show 'by a preponderance of the evidence that it would have reached the same decision even in the absence of the protected conduct.'" *Suppan, supra,* 203 F.3d at 235 (quoting *Mount Healthy, supra*, 429 U.S. at 287); *Rauser, supra*, 241 F.3d at 333-34. Prison officials may prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest. *Rauser, supra*, 241 F.3d at 334.

"A prisoner has a First Amendment right to file grievances against prison officials." *Scott v. Churchill*, No. 97-2061, 2000 WL 519148 at * 2 (6th Cir. Apr. 6, 2000); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(holding that the filing of disciplinary charges against a prisoner is actionable under 42 U.S.C. § 1983 if done in retaliation for

prisoner filing a grievance pursuant to established procedures).

It is not in dispute that the nine-year old sons of Davis and Filipiak got involved in a confrontation at school. The factual basis for the defendant's motion for summary judgment is that when it was reported that Davis' son got in to a fight at school with Filipiak's son, Davis was moved to administrative custody status and then to the restricted housing unit as a result of a penological decision to separate Filipiak and Davis after the altercation of their two schoolboy sons.  Filipiak is contending that it is not in genuine dispute that the adverse action against Davis was based upon a sound penological reaction to the sons' confrontation and was not in retaliation against Davis based upon religion or politics.  However, while Deputy Secretary Vaughn states that a separation of prisoner and CO in the prison setting in a situation where a prisoner's and a CO's sons had fought at school would be sound penology, the defendant's evidence does not include a statement of a prison official who made such a decision here.

The defendant's efforts to persuade the court of the undisputed nature of their proffered factual inference that the reason for Davis' movement to a restricted housing unit was a prudent penological reaction to a school fight of the sons of a guard and of a prisoner must be rejected. This issue is not shown to be undisputed. The defendant caused the plaintiff's RHU confinement. This aspect of the plaintiff's claim is not refuted. It is not shown that the decision was made by a superior officer or disinterested decision maker on the basis of sound penological considerations.

In the declaration under penalty of perjury of Lamont Henderson, a prisoner who was on Davis' cell block and who heard statements made by Filipiak, inmate Henderson states that Filipiak stated that he dislikes Davis, that Davis is a complainer, that Davis thinks of himself as special because of his status with the Muslim community, that Davis' complaining and Davis' religion would not stop Filipiak from causing Davis to be placed in the RHU and to be transferred, that Davis had told his son to start a fight in school with Filipiak's son, and (after Davis' transfer) that he (Filipiak) had caused the transfer. Inmate Ebersole declares

(Doc. 134, W) that Filipiak said that the controversy between the sons was "nothing" and that he "brought it to the prison" to "get Clarence Davis back."

Filipiak takes the position that summary judgment should be granted because the cause of the RHU confinement of Davis was the incident involving the two sons, rather than an independent dislike of Davis based upon politics or religion. Filipiak's brief asserts "[t]here is no constitutionally-protected right to have your son engage in a fight at school."  However, in that there is also no justification in the fact of the behavior of the son for a negative penological action against the father, we would emphasize the distinction between a negative penological action against a prisoner and a penological action made for penologically valid reasons having an inherent negative impact.  The fact of the sons' altercation does little to defeat a claim that the treatment of Davis was in retaliation for constitutionally protected activity of Davis.

The fact that a temporary transfer to the RHU may not constitute a significant or atypical hardship for a prisoner is not controlling here, because even a temporary transfer to

7

the RHU is an adverse action.  The issue in dispute here is Filipiak's motivation.

It can not be said that no issue of material fact is in dispute or that defendant Filipiak is entitled to a judgment in his favor as a matter of law.  Therefore, it is recommended that the motion of defendant Filipiak for summary judgment be denied.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   December 27, 2005.