IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE DAVIS      :
      :
  Plaintiff      :
      :  **CIVIL ACTION NO. 3:03-68**
vs.      :
      :  (JUDGE NEALON)
PENNSYLVANIA DEPT. OF      :  (MAGISTRATE JUDGE SMYSER)
CORRECTIONS, ET AL.,      :
  Defendants      :

## MEMORANDUM and ORDER

**Background**

Plaintiff, an inmate currently incarcerated at the SCI-Retreat, commenced this prisoner civil rights action by the filing of a complaint pursuant to the 42 U.S.C. § 1983 on January 10, 2003 and amended on May 28, 2003. (Docs. 1,25). His allegations stem from his previous incarceration at SCI-Dallas. The essence of the Plaintiff's claim is that a corrections officer, Defendant Filipak, retaliated against the Plaintiff for exercising his constitutional right to complain to prison officials about the conduct of Mr. Filipak. The form of the retaliation was the Plaintiff's transfer into the Restrictive Housing Unit (RHU) and then to another institution. By Order dated August 6, 2003, the court found the amended complaint insufficient to state a claim against all named Defendants except for Defendant Filipiak, and he is the only

Defendant remaining in the action. (Doc. 33).

On June 30, 2005, Defendant Filipiak filed a motion for summary judgment (Doc. 105) and thereafter submitted supporting documents (Docs. 113-114, 116), to which Plaintiff filed a Brief in Opposition and related materials on September 12, 2005. (Docs. 130-134). A Reply was filed on September 26, 2005 (Doc. 136) and Plaintiff submitted a Sur-Reply on October 11, 2005 (Doc. 138) and a supplement on October 13, 2005. (Doc.139).

On December 27, 2005, United States Magistrate Judge J. Andrew Smyser issued a Report and Recommendation, recommending that Defendant's Motion for Summary Judgment be denied. (Doc. 141). On January 17, 2006, Defendant filed objections to the Report and Recommendation. (Doc. 143). For the reasons stated below, the court will overrule the objections, adopt the Report and Recommendation and remand the matter to the Magistrate Judge for further proceedings.

**Discussion**

When objections to a report and recommendation have been filed, under 28 U.S.C. 636(b)(1)(C), the court must make a *de novo* consideration of those portions of the report which have been objected to. *See* Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In so doing, the court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C.

§636(b)(1); Local Rule 72.31. Further, the court may, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

It appears, through the pleadings, that Davis' and Filipiak's sons were attending the same school. Davis contends that Filipiak arranged for his transfer to the Restrictive Housing Unit ("RHU")[1] by using an altercation between the sons as a spurious reason when the real reason was retaliation for the religious and political activity of the Plaintiff. The Defendant contends in his motion that as a result of the altercation between the sons, Plaintiff was moved to the RHU in January 30, 2001, based upon a sound penological decision to separate Plaintiff and Filipiak within the prison.

Observing that separating Plaintiff from CO Filipiak may be sound penologial decision-making, the Report and Recommendation noted that the record was void of any prison official who made such a determination based on sound penological considerations and from a disinterested viewpoint. Moreover, the Magistrate Judge found that there was a genuine issue of material fact as to whether

---

[1] Ultimately, Plaintiff was transferred out of SCI-Dallas to SCI-Retreat on April 27, 2001.

the behavior of the son in the altercation can justify the negative impact on the Plaintiff in transferring him to the RHU.

In his objections, Defendant maintains that as a correctional officer within the facility, Defendant Filipiak lacked the decision-making authority to have Plaintiff transferred to RHU or to another facility. In support of this position Defendant referenced the declaration of Donald Vaughn, the Deputy Secretary for the Department of Corrections ("DOC"), who noted that it would be sound penology to separate an inmate and a correctional officer whose sons had been in an altercation, as well as DC-ADM 802, the DOC's policy relating to administrative custody procedures, which states that a shift commander, not a correctional officer, has the authority to transfer an inmate into Administrative Custody. Based on these, as well as the, Defendant contends that the motion for summary judgment should be granted. However, it cannot be overlooked that Defendant concedes he requested Plaintiff to be transferred to another institution. (Doc. 143, p.6). While this decision was ultimately made by the Deputy Secretary for the DOC, the impetus for such action appears, solely, to be the recommendation of the Defendant. Thus, although the final decision to transfer Plaintiff to the RHU or another facility may have been made by a disinterested person, since that decision was based, at least in part, on Defendant's request, the motivations for such action, which are presently disputed, must be

4

ascertained. Moreover, even if Defendant's motivation was proper, that is, based on the sons' altercation and not in retaliation for the exercise of Plaintiff's First Amendment rights, it further remains to be answered whether, as a matter of law, a son's conduct can serve as a basis for an adverse action against his incarcerated father in the name of sound penology.

**Conclusion**

After careful review and in the exercise of sound judicial discretion, the Court will adopt the Report and Recommendation and will remand this matter to Magistrate Judge Smyser for further proceedings. An appropriate order follows.

Date: January 30, 2006         s/ William J. Nealon
                               United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE DAVIS         :
                       :
    Plaintiff          :
                       :    **CIVIL ACTION NO. 3:03-68**
vs.                    :
                       :    (JUDGE NEALON)
PENNSYLVANIA DEPT. OF  :    (MAGISTRATE JUDGE SMYSER)
CORRECTIONS, ET AL.,   :
    Defendants         :

## ORDER

ACCORDINGLY, THIS 30th DAY OF JANUARY, 2006, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (Doc. 141) is ADOPTED.

2. The Defendant's Motion for Summary Judgement (Doc. 105) is DENIED.

3. The matter is remanded to Magistrate Judge Smyser for further proceedings consistent with this order.

s/ William J. Nealon
United States District Judge

6